JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. BANK NA,<br><br>                Plaintiff,<br><br>    v.<br><br>SUNG MIN KOO, *et al.*,<br><br>                Defendants. | Case No. SA CV 17-1539 AG (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On September 7, 2017, Sung Min Koo ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 3.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and so removal is improper. Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). An "[u]nlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs., LLC v. Frausto*, 2013 WL 5676237, at *2 (C.D. Cal. Oct. 17, 2013).

Defendant argues that Plaintiff's claim for unlawful detainer presents a federal question because the claim is predicated upon the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), which "protects tenants from eviction in the case of foreclosure on a federally related mortgage loan." (Notice at 2-7); *see also Fairview Tasman LLC v. Young*, 2016 WL 199060, at *1 (Jan. 18, 2016) (citing 12 U.S.C. § 5220). Specifically, Defendant asserts that: (1) PTFA preempts state law concerning foreclosure eviction, (Notice at 2-3); and (2) Plaintiff artfully avoided pleading a cause of action under PTFA, (Notice at 3-4).

As a rule, the artful pleading doctrine is a "corollary to the well-pleaded complaint rule, and provides that" a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Fin. Serv.*, 340 F.3d 1033, 1041 (9th Cir. 2003). The doctrine allows state-created causes of action to arise under federal law where: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *See ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (citations

omitted). However, the artful pleading rule should be invoked "only in limited circumstances." *Id.*

Here, the artful pleading doctrine does not confer federal question jurisdiction for three reasons. First, PTFA expired on December 31, 2014. *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010). Defendant does not provide any argument as to why PTFA should still apply to the instant suit. (*See generally* Notice.) Notably, Defendant received notice to vacate on May 10, 2017, [Dkt. No. 1 at 11], and Defendant removed this action to this Court on September 7, 2017 (Notice at 8), well after PTFA's expiration. As such, because PTFA is not applicable to this action, Plaintiff's state claim cannot be: (1) preempted by federal law; (2) necessarily federal in character; or (3) dependent on the resolution of a substantial, disputed federal question." *See ARCO Envtl. Remediation, LLC*, 213 F.3d at 1114.

Second, Defendant's argument that PTFA creates a federal cause of action is unavailing. The Ninth Circuit has expressly held that PTFA did not create a federal private cause of action. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1171 (9th Cir. 2013) ("Nothing in the language and structure of [PTFA] reflects a clear and unambiguous intent to create a private right of action."). Thus, PTFA does not preempt Plaintiff's state-created unlawful detainer claim. *See Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (concluding that "PTFA's provisions do not create a federal claim allowing for evictions, either explicitly or implicitly").

Third, in reviewing Plaintiff's complaint, the state court will analyze whether Plaintiff has adequately pled and proven the elements of the unlawful detainer claim, not substantial issues of federal law. *See Fairview Tasman LLC v. Young*, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (finding that the district court lacked subject matter jurisdiction over similar California unlawful detainer claim and PTFA defense). To the extent that Defendant is raising a defense under PTFA, "a federal law defense

to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005); *see also Merrell Dow Pharma., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

For the foregoing reasons, there is no basis for federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim"); *Deutsche Bank Nat'l Trust Co. v. Eaddy,* 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction.").

//

//

//

//

//

//

//

//

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, North Justice Center, 1275 North Berkeley Avenue, Fullerton, CA 92832, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: September 14, 2017

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

Hon. Jay C. Gandhi
United States Magistrate Judge

5